# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAL-MART STORES, INC., a Delaware corporation and WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF TURLOCK, et. al.,<br><br>　　　　　Defendants. | CIV F 04-5278 OWW  DLB<br><br>ORDER REQUIRING SAVE MART TO PRODUCE UNREDACTED DOCUMENTS PURSUANT TO  SUBPOENA DUCES TECUM |

On June 17, 2005, Plaintiffs WAL-MART STORES, INC., a Delaware corporation and WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust ("Wal-Mart") and SAVE MART SUPERMARKETS ("Save Mart"), a non-party, participated in an agreed upon telephonic hearing regarding a discovery dispute relating Wal-Mart's request that Save Mart produce unredacted copies of documents which were previously produced in redacted form pursuant to the Court's order of May 10, 2005.  John Kinsey appeared on behalf of Wal-Mart and Jennifer Scott appeared on behalf of Save Mart.

1

**BACKGROUND**

Wal-Mart filed this action on February 11, 2004 seeking damages and declaratory relief against defendant the City of Turlock ("the City") claiming that the City enacted an amendment to its zoning code ("the Ordianance") that purposefully discriminates against out of state retailers, such as Wal-Mart, in favor of in state retailers, such as Save Mart in violation of the Commerce Clause of the United States Constitution.

On July 30, 2004, Wal-Mart served Save Mart with a Deposition Subpeona Duces Tecum ("the Subpeona") for the production of documents pursuant to Federal Rule of Civil Procedure 45. In the Subpeona, Wal Mart requested information regarding Save Mart's meeting with representatives of the City, including an August 22, 2003 meeting which Wal Mart contends caused the City to withdraw its support for a Wal-Mart Supercenter and thereafter enact the Ordinance which completely prohibits Wal-Mart from building its planned Supercenter within the City. Save-Mart served objections to the Subpeona and refused to produce any documents.

On January 28, 2005, this Court granted in part Wal-Mart's motion to compel compliance with the Subpeona and ordered Save Mart to produce "documents regarding or relating to communications or meetings, or intended or anticipated communications or meetings with the City after August 22, 2002, by Save Mart or any other person or entity relating to the Big Box Ordinance, Wal-Mart or Wal-Mart's Supercenter." Save Mart moved for reconsideration by the District Court and on May 10, 2005, Judge Wanger denied the motion for reconsideration and required Save Mart to produce, all documents from January 1, 2003 through the present concerning intended or actual communications with the City of Turlock regarding any proposed Wal-Mart Supercenter within the City of Turlock and/or a "big box" ordinance concerning the City of Turlock.

On May 17, 2005, Save Mart produced 270 pages of documents in response to the Subpeona. Save Mart redacted twenty-one (21) lines of text in eight (8) pages of documents. Save Mart contends the redacted material does not relate in any manner to actual or intended

communications with City Officials regarding the Big Box Ordinance or Wal-Mart's planned SuperCenter in Turlock and is therefore outside the scope of the Court's modified order. Save Mart also contends that important privacy concerns justify redacting the material from the documents

Wal-Mart argues there is no valid basis for the redactions. Wal-Mart argues that Save Mart did not make the redactions on privilege grounds and there is no authority for redactions made on "relevance" grounds.

## DISCUSSION AND ORDER

The Court has reviewed the unredacted documents *in camera* and finds no basis for the redactions. Save Mart contends the redactions enforce the discovery limitations set forth in the Modified Order. The Court disagrees. The documents are admittedly responsive to Wal Mart's subpeona as modified and the redacted portions relate to intended communications with City Officials regarding the Big Box Ordinance, albeit indirectly. The redacted portions also put the communications in context. As discussed by Judge Wanger, Wal Mart is entitled to know what was communicated to the City relating to the Big Box Ordinance and this information includes any documents that reflect what was intended to be communicated, including but not limited to communications with third parties. All of the redacted information falls within the Court's order. While Save Mart asserts "important privacy interests" in support of the redactions, it has once again failed to identify privacy interests warranting protection from disclosure. Accordingly, Save Mart shall produce unredacted documents identified as SM262 through SM 00270 within 10 days of this Order.

IT IS SO ORDERED.

**Dated:   June 20, 2005**              **/s/ Dennis L. Beck**
3c0hj8                          UNITED STATES MAGISTRATE JUDGE