1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| WAL-MART STORES, INC., a Delaware corporation and WAL-MART REAL ESTATE BUSINESS TRUST,a Delaware statutory trust<br><br>            Plaintiffs,<br><br>    v.<br><br>CITY OF TURLOCK, et. al.,<br><br>        Defendants.<br>_____ | CIV F 04-5278 OWW  DLB<br><br>ORDER GRANTING IN PART WAL-MART'S MOTION TO COMPEL NON-PARTY SAFEWAY, INC.'S COMPLIANCE WITH SUBPOENA DUCES TECUM |

19   On May 20, 2005, Plaintiff WAL-MART STORES, INC., a Delaware corporation and

20 WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust ("Wal-Mart") and

21 non-party SAFEWAY, Inc. ("Safeway"), stipulated to transfer Wal-Mart's motion to compel

22 Safeway's compliance with deposition subpoena duces tecum to this Court from the Northern

23 District of California.  The Court deemed the motion suitable for decision without oral argument

24 and took the matter under submission on July 8, 2005.

25 **BACKGROUND**

26   Wal-Mart filed this action on February 11, 2004 seeking damages and declaratory relief

27
28                                              1

against defendant the City of Turlock ("the City") claiming that the City enacted an amendment to its zoning code ("the Ordianance") that purposefully discriminates against out of state retailers, such as Wal-Mart, in favor of in state retailers in violation of the Commerce Clause of the United States Constitution.

On July 30, 2004, Wal-Mart served Safeway, a non-party (as well as Save Mart, Raley's Richland and the United Food and Commerical Workers Union, Local 588), with a deposition Subpeona duces tecum ("the Subpeona") for the production of documents in any way connected or referring to Wal Mart, Turlock or any "Big Box Ordinance" considered by the City of Turlock. The original Subpoena requested documents that fall into the following categories (identical to the documents requested from Save Mart):

1.      Documents regarding the meeting of August 22, 2003 with City staff and City officials attended by David Bowlby;

2.      Documents regarding or constituting communications between David Bowlby and/or any other agent of Safeway and City staff or City officials regarding Wal-Mart, the proposed development of a Wal Mart Super Store in the City of Turlock or any Big Box Ordinance.[1]

3.      Documents regarding or constituting communications between David Bowlby and/or any other agent of Safeway and representatives of the United Food and Commercial Workers Union regarding Wal Mart, the proposed development of a Wal Mart Super Store in the City of Turlock or any Big Box ordinance;

4.      Documents regarding or constituting communications between David Bowlby an any other agent of Safeway and representatives of Raley's Inc., Save Mart, and/or Richland Markets regarding Wal-Mart, the proposed development of a Wal Mart

---

[1] The subpoena defines"Big Box Ordinance" as any past, existing, or future ordinance, regulation, legislation, or rule of general applicability placing limitations or prohibitions on the size or merchandise mix of large scale retailers including, without limitation, the January 13, 2004, ordinance enacted by the City of Turlock.

1    Super Store in the City of Turlock or any Big Box ordinance;

2    5.    Documents regarding the Big Box Ordinance adopted by the City of Turlock;

3    6.    Documents regarding or constituting communications between any agent or

4    representative of Safeway in any other person regarding the Big Box Ordinance

5    passed by the City of Turlock

6    Wal Mart moved to compel only as to Save Mart on November 16, 2004.  This Court

7    issued an order on January 28, 2005 granting in part Wal Mart's motion to compel.  Save Mart

8    moved for reconsideration on February 25, 2005.  On April 11, 2005, prior to the hearing on the

9    motion for reconsideration, Wal Mart filed the present motion to compel Safeway to comply with

10   the Subpeona, in the Northern District of California.  Following the April 18, 2005 hearing on

11   Save Mart's motion for reconsideration, Wal Mart asserted that all the documents in its original

12   Subpeona were discoverable and forwarded a proposed order to Safeway.  On May 20, 2005,

13   Safeway and Wal Mart agreed to transfer this motion to the Eastern District.  On June 6, 2005,

14   following Judge Wanger's decision, Wal Mart forwarded the proposed order between Save Mart

15   and Wal Mart to Safeway which called for a narrower range of documents.  Wal Mart now only

16   seeks from Safeway "the same types of documents the Eastern District ordered non-party Save

17   Mart to produce" and information that has been disclosed outside Safeway.

18   In opposing Wal-Mart's motion, Safeway acknowledges that most of these issues have

19   been briefed and ruled on by the Court but insists that it needs to create its own record.  Safeway

20   also states that there have been several material developments since the briefing on the motion

21   against Save Mart, including issuance of the Court's June 3, 2005 order, the taking of depositions

22   of City officials and production of documents by other non-parties which impact this motion in

23   that Safeway contends Wal Mart has already obtained the information from other sources.

24   ///

25   ///

26   ///

27

28                                              3

**DISCUSSION**

**A.     Wal-Mart's Dormant Commerce Clause Claim**

        Safeway first argues that the discovery should be denied because the legal theory it supports is without merit.  Safeway argues that the Turlock Ordinance does not violate the dormant Commerce Clause because it merely regulates a method of retail operation and not the movement of goods or services in interstate commerce.  *Exxon v. Governor of Maryland*, 437 U.S. 117, 127-128 (1978).  Safeway also argues that Wal-Mart is not an "Out of State" interest.

        As the Court stated in its previous order, state legislation may constitute economic protectionism on the basis of discriminatory purpose or effect.  *Baccus Imps v. Dias*, 468 U.S. 263, 270 (1984).  Safeway, like Save Mart has not shown that Wal Mart's claim that the Ordinance is discriminatory in effect is frivolous or meritless.  In his order denying in part Save Mart's request for reconsideration, Judge Wanger agreed that Wal Mart has at least a colorable claim that it is an out of state business and therefore it was not appropriate to resolve this issue in a discovery motion.

**B.     Relevancy to Wal-Mart's Claims.**

    **1.     Dormant Commerce Clause Claim.**

        Safeway next argues that the private advocacy communications with legislatures sought by Wal-Mart are not relevant to Wal-Mart's dormant commerce clause claims.  The Court has rejected this argument:

> All public input into the City of Turlock relating to the Ordinance's effect or purpose is relevant and discoverable.  Wal-Mart is entitled to know what was communicated to the City relating to the proposed Wal-Mart Supercenter and the Turlock "big box" ordinance.  This information includes documents that may reflect what was or was intended to be communicated with third parties.  All such input could shed light on the overall basis upon which the legislative judgment was made.  The public is entitled to know all information that went into the legislative decision.

June 3, 2005 Memorandum Decision at p.23.

    **2.     Need for the Requested Documents**

        Safeway argues that there is no reasonable need for the requested documents because

4

1   Wal-Mart seeks to prove only what is stated expressly in the existing legislative record.  Safeway

2   argues that the City made findings that a very large superstore would harm existing grocery stores

3   and that it sought to prevent that result.  Safeway argues that before Wal-Mart even served the

4   Subpoenas it had access to the 1,730 page administrative record which includes background on

5   the ordinances, including the pre-Ordinance City of Turlock General Plan 1992-2002, informal

6   records of telephone calls to City Hall supporting and opposing the ordinances, transcripts of

7   hearings before the City Council and the City's extensive written findings.

8          Whether or not the ordinance is discriminatory in its purpose and effect is still in dispute

9   in this case and Wal-Mart's access to a large administrative record does not make the discovery

10  sought from Safeway irrelevant.  As previously noted, documents reflecting communications

11  with the City by other persons or entities relating to the Big Box Ordinance may be memorialized

12  in a different way than is reflected in the administrative record.  Further, as noted by Judge

13  Wanger, it is not clear that the administrative record is complete.  Safeway's argument is

14  therefore rejected.  Safeway acknowledges this Court's broad discretion in controlling discovery.

15  This Court has already exercised its discretion and found that as limited, the documents

16  requested by Wal-Mart should be produced.

17      **C.     First Amendment**

18         Like Save Mart, Safeway argues that the subpoena invades the rights of Safeway, its

19  agents and those with whom it associates for purposes of political advocacy to petition the

20  government and to form associations for that purpose.  This claim also fails.  Safeway has not

21  established that the alleged infringement constitutes state action (*George v. Pacific-CSC Work*

22  *Furlough*, 91 F. 3d 1227, 1229 (9th Cir. 1996); Safeway has failed to specifically identify the

23  beliefs, views or associations it seeks to protect; and Safeway has failed to establish how or why

24  disclosure of the information sought would induce members to withdraw, or dissuade others from

25  joining due to fear of threats, harassment or reprisal.

26         This Court is bound by Judge Wanger's ruling that Safeway must show that Wal-Mart's

27

28                                          5

infringement somehow constitutes state action.  Judge Wanger has also rejected the argument that a private corporation asserting its opposition to a business competitor's entry of a "superstore" into the market based on perceived adverse business consequences arising from enhanced competition, is entitled to protection under the First Amendment's expressive association right.  Even assuming Safeway's opposition to the superstore is expressive association entitled to First Amendment protection, Safeway has not established that disclosure would adversely affect such association.  This Court has already determined that the documents requested in Wal-Mart's subpoena to Save Mart are not protected by the First Amendment expressive association privilege.  Safeway has failed to provide any additional evidence or argument which persuades the Court that it should depart from its earlier rulings on this issue.

### D.     Deliberative Process Privilege.

While acknowledging that this Court has previously ruled that the deliberative process privilege had been waived by the City, Safeway nonetheless argues that the information sought by Wal-Mart falls within the scope of information that would be covered by the privilege.  Safeway argues that the concerns underlying the privilege and the reasons for putting limits on the discovery of matters which reflect on a legislative body's purpose support denying Wal-Mart's discovery.  At a minimum, Safeway urges the Court to limit the discovery to that which is strictly essential to Wal Mart's claims.

The deliberative process privilege is based on a perceived need to encourage candor within the decision-making process by protecting predecisional communications from disclosure. *Assembly of the State of California v. United States Dept. Of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992).  The privilege does not protect private corporations such as Safeway or their communications with government officials.  As limited, the subpoena only covers Safeway's input to the City of Turlock relating to the ordinance's effect or purpose.  Disclosure of such information does not implicate the deliberative process privilege or its underlying concerns.

///

1      **E.     Other Privileges**

2          Safeway has submitted a privilege log in which it identifies documents purportedly

3    privileged from disclosure based on the First Amendment, the deliberative process privilege,

4    "business privacy and confidential commercial information," attorney client privilege and

5    attorney work product.  As discussed, the assertion of a First Amendment privilege and the

6    deliberative process privilege are without merit and the documents so withheld must be

7    produced.

8          Safeway has listed six (6) e-mails on the privilege log for which it asserts the attorney

9    client privilege and/or the attorney work product doctrine.  Counsel for Wal-Mart states that he

10   has had several communications with Mark Wolfe, the attorney listed as the recipient to four (4)

11   of the e-mails and the author of one (1), and Mr. Wolf has never  indicated that he represents

12   Safeway or any other grocer.  Wal Mart also argues that Safeway has not established an attorney

13   client relationship between Safeway and Steve Herum, the author of another e-mail listed.  Wal

14   Mart requests that the Court conduct an in camera review of the documents designated by

15   Safeway as falling within the attorney-client privilege and the attorney work product doctrine.

16   Wal Mart's request is granted.  Safeway is ordered to submit the documents for which it claims

17   the attorney client privilege and/or the attorney work product doctrine to the Court within 10 days

18   of this Order.

19         Safeway also asserts a "business privacy and confidential commercial information

20   privilege" as to numerous documents listed on its privilege log.  In support of this assertion,

21   Safeway provides the declaration of David Bowlby, who was the Director of External Affairs for

22   Safeway in 2002 and the Vice President for Strategic Government Alliances in 2003 through

23   March 2005.  Mr. Bowlby states:

24        If I communicated my work (including my opinions, strategies and tactics) as to the
         Turlock Ordinances to my employer, I did so intending for my communications to be
25       completely private and to remain wholly confidential within Safeway among only those
         with a need to know about this issue.  If my possible communications with my superiors
26       were to become known to third parties, including Wal-Mart, Safeway would be at a
         competitive disadvantage in the marketplace it shares with Wal-Mart and others, as they

27

28                                                    7

1  would come to know Safeway's plans in that marketplace in advance. Safeway's various
2  strategies for success in the marketplace depend on many things, including keeping its
   intentions and methods confidential from competitors. For example, Safeway knows
3  from published reports, as were contained in March 2004 newspapers, that Wal Mart has
   plans to open 40 superstores in California. Safeway's ability to develop and use an
4  effective business strategy to protect its interests will be diminished and harmed if Wal
   Mart is given access to our internal confidential communications. Our internal
5  communications as to Turlock would help Wal Mart gain an advantage over Safeway
   now and in the future. By contrast, Safeway has no method to use discovery or other
6  court processes to learn of Wal Mart's strategies, political associations and key plans or
   other highly confidential business information.

7  Dec. of David Bowlby in Support of Opposition, ¶ 5.

8       The Court may issue protective orders limiting disclosure of trade secrets "or other

9  confidential research, development or commercial information." Fed.R.Civ.P. 26(c)(7). The

10 burden is on the party opposing discovery to show that the information is "trade secret or other

11 confidential research, development or commercial information" and that its disclosure would be

12 harmful to the party's interest in the property. *Centurion Indus., Inc. v. Warren Steurer & Assoc.*,

13 665 F. 2d 323, 326 (10th Cir. 1981).

14      Clearly, Safeway would be harmed if Wal-Mart, or any competitor had access to its

15 internal confidential communications. However, Safeway has not shown that the documents

16 listed on its privilege log as ""BP" (business privacy) are such information. Safeway fails to

17 provide any detail whatsoever regarding the substance of the information contained in the listed

18 documents. Mr. Bowlby's general description of "strategies, tactics and plans" is not sufficient.

19 Without a detailed description of the alleged confidential information in each document, the

20 Court will not sustain Safeway's privilege claims for documents reflecting communications with

21 a public entity that were admittedly shared with individuals outside of Safeway. Moreover, the

22 scope of the subpoena has been limited to documents concerning intended or actual

23 communication with the City of Turlock regarding the proposed ordinance. Wal Mart does not

24 request and is not entitled to Safeway's the type of "internal communications" Mr. Bowlby refers

25 to in his declaration. Safeway's claims of "business privilege for the listed documents is

26 therefore overruled. Wal-Mart offered to allow Safeway to designate documents as

27

28                                              8

1   "Confidential" under the current protective order in this case.

2                                    **CONCLUSION**

3        Based on the foregoing and consistent with the Court's orders of January 28, 2005 and

4   June 3, 2005, Wal-Mart's motion to compel Safeway's compliance with subpeona duces tecum is

5   GRANTED IN PART.  Safeway is ordered to produce all documents from January 1, 2003

6   through the present concerning intended or actual communications with the City of Turlock

7   regarding any proposed Wal-Mart Supercenter within the City of Turlock and/or a "big box"

8   ordinance concerning the City of Turlock within 10 days of this Order.  Safeway shall submit the

9   documents withheld as attorney client privilege or attorney work product to this Court within 10

10  days of this Order.

11       IT IS SO ORDERED.

12  **Dated:    July 25, 2005**              _____/s/ Dennis L. Beck_____
    3b142a                                   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         9