UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAL-MART STORES, INC., a Delaware corporation and WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF TURLOCK, et. al.,<br><br>    Defendants. | CIV F 04-5278 OWW  DLB<br><br>ORDER AFTER IN CAMERA REVIEW |

On May 20, 2005, Plaintiff WAL-MART STORES, INC., a Delaware corporation and WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust ("Wal-Mart") and non-party SAFEWAY, Inc. ("Safeway"), stipulated to transfer Wal-Mart's motion to compel Safeway's compliance with deposition subpoena duces tecum to this Court from the Northern District of California. On July 25, 2005, the Court granted the motion to compel in part and ordered Safeway to submit the documents withheld as attorney client privileged or attorney work product for in camera review within 10 days. On August 8, 2005, Safeway submitted three (3) e-mails identified on its privilege log and one (1) additional e-mail Safeway

1

learned of after the filing of its opposition:

  (1)  September 24, 2005 e-mail from David Bowlby to Mark Wolfe;

  (2)  September 30, 2003/October 1, 2003 e-mail from David Bowlby to Mark Wolfe and response;

  (3)  December 2, 2003 e-mail from David Bowlby; and

  (4)  November 17, 2003 e-mail from Mark Wolfe to David Bowlby.

On August 31, 2005, Safeway submitted three (3) additional e-mails:

  (1)  November 24, 2003 e-mail from Mark Wolfe to David Bowlby;

  (2)  November 25, 2003 e-mail from Mark Wolfe to David Bowlby; and

  (3)  March 10, 2004 e-mail from Mark Wolfe to David Bowlby.

## **DISCUSSION**

The attorney-client privilege protects from disclosure, confidential communications between a client and an attorney. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577 (1976); *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129; *United States v. Hirsch*, 803 F.2d 493, 496 (9th Cir. 1986). The privilege's central concern is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Zolin*, 491 U.S. at 562, 109 S.Ct. at 2625 (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677 (1981).

After review of the documents, the Court denies Wal-Mart's motion to compel production. The documents reflect communications between David Bowlby of Safeway and Mark Wolfe, who represented and gave legal advice to an organization composed of grocers, including Safeway. *See* Declaration of Mark Wolfe in Opposition to Wal Mart's Motion to Compel, ¶ 2. Mr. Wolfe states that he confidentially communicated with David Bowlby of

Safeway as a liaison for the group with regard to his work. Id. Review of the documents confirms Safeway's description of the documents on the privilege log. The Court therefore finds that the documents are privileged communications and need not be produced.

     IT IS SO ORDERED.

     Dated:   **September 15, 2005**          **/s/ Dennis L. Beck**
3b142a                                      UNITED STATES MAGISTRATE JUDGE