# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAL-MART STORES, INC., a Delaware corporation and WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust<br>　　　　Plaintiffs,<br>　　v.<br>CITY OF TURLOCK, et. al.,<br>　　　　Defendants. | CIV F 04-5278 OWW  DLB<br><br>ORDER GRANTING IN PART WAL-MART'S MOTION TO COMPEL JOHN HANDLEY'S COMPLIANCE WITH SUBPOENA DUCES TECUM |

On August 16, 2005, Plaintiff WAL-MART STORES, INC., a Delaware corporation and WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust ("Wal-Mart") filed the instant motion to compel non-party John Handley's compliance with subpoena duces tecum. The Court heard the motion on September 23, 2005. John P. Kinsey and Timothy Jones appeared on behalf of Wal Mart. Ronald Hofsdal appeared for non-party John Handley.

## **BACKGROUND**

Wal-Mart filed this action on February 11, 2004 seeking damages and declaratory relief against defendant the City of Turlock ("the City") claiming that the City enacted an amendment

1

to its zoning code ("the Ordianance") that purposefully discriminates against out of state retailers, such as Wal-Mart, in favor of in state retailers in violation of the Commerce Clause of the United States Constitution.

     Wal-Mart contends that after receiving a document production from third party Save Mart on May 17, 2005, counsel for Wal Mart learned that John Handley of the California Independent Grocers Association ("CIGA") played an extensive role in the supermarkets' closed-door meetings with the Turlock City Council on August 22, 2003. In light of this information, on June 23, 2005, Wal Mart issued a subpoena to Mr. Handley requesting certain categories of documents which Wal Mart contends were specifically tailored to conform to the Court's previous discovery rulings in this litigation:

1. All documents regarding or constituting any communications between CIGA and the City of Turlock regarding the Big Box Ordinance, at any time between January 2003 and the present.
2. All documents regarding or constituting any communications between John Handley and the City of Turlock regarding the Big Box Ordinance, at any time between January 2003 and the present.
3. All documents regarding or constituting any communications between Jim Pallios and the City of Turlock regarding the Big Box Ordinance, at any time between January 2003 and the present.
4. All documents regarding or constituting any communications between CIGA and the City of Turlock regarding any proposed Wal Mart Store within the City of Turlock, at any time between January 2003 and the present.
5. All documents regarding or constituting any communications between John Handley and the City of Turlock regarding any proposed Wal Mart Store within the City of Turlock, at any time between January 2003 and the present.
6. All documents regarding or constituting any communications between Jim Pallios and the City of Turlock regarding any proposed Wal Mart Store within the City of Turlock, at any time between January 2003 and the present.
7. All documents regarding or constituting any communications between CIGA and Savemart, Safeway, Railey's Richland and/or the UFCW regarding the Big Box Ordinance, at any time between January 2003 and the present.
8. All documents regarding or constituting any communications between John Handley and Savemart, Safeway, Railey's Richland and/or the UFCW regarding the Big Box Ordinance, at any time between January 2003 and the present.
9. All documents regarding or constituting any communications between Jim Pallios and Savemart, Safeway, Railey's Richland and/or the UFCW regarding the Big Box Ordinance, at any time between January 2003 and the present.
10. All documents regarding or constituting any communications between CIGA and Savemart, Safeway, Railey's Richland and/or the UFCW regarding any proposed Wal Mart Store within the City of Turlock, at any time between January 2003 and the present.
11. All documents regarding or constituting any communications between John

Handley and Savemart, Safeway, Railey's Richland and/or the UFCW regarding any proposed Wal Mart Store within the City of Turlock, at any time between January 2003 and the present.
12. All documents regarding or constituting any communications between Jim Pallios and Savemart, Safeway, Railey's Richland and/or the UFCW regarding any proposed Wal Mart Store within the City of Turlock, at any time between January 2003 and the present.
13. All documents regarding any actual or intended communications between the City of Turlock and Savemart, Safeway, Railey's Richland and/or the UFCW regarding the Big Box Ordinance, at any time between January 2003 and the present.
14. All documents regarding any actual or intended communications between the City of Turlock and Savemart, Safeway, Railey's Richland and/or the UFCW regarding any proposed Wal Mart Store within the City of Turlock, at any time between January 2003 and the present

Wal Mart contends that instead of complying with the subpoena, Mr. Handley served boilerplate objections on July 7, 2005 and continues to refuse to produce any responsive documents to Wal Mart. The majority of objections have been resolved, however Mr. Handley continues to refuse to produce any documents on First Amendment associational privilege grounds. Wal Mart argues that Mr. Handley has not provided a privilege log and therefore pursuant to Federal Rule 45(d)(2), he has waived any privilege that may attach. Wal Mart also argues that Mr. Handley cannot establish a prima facie case that the associational privilege applies. There is no evidence that CIGA engages in expressive association and Wal Mart has not sought the categories of information, such as membership lists that Courts have typically shielded from production. Wal Mart also states that it has a compelling need for the documents at issue.

Mr. Handley represents that he is registered with the State of California as a legislative lobbyist and is employed by CIGA in that capacity. He is neither the custodian of records for CIGA nor has he ever been. A subpoena has never been served on CIGA's custodian of records. Mr. Handley asserts that evidence of CIGA's involvement in government relations is readily available on their website and the First Amendment protects his lobbying efforts.

DISCUSSION

**A.     Mr. Handley's Failure to Provide a Privilege Log**

Federal Rule of Civil procedure 45(d)(2) provides:

> When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

F.R.Civ.P. 45(d)(2). As evidenced by this extensively briefed motion, Mr. Handley's objections to the subpoena duces tecum wherein he asserted his objection to the production of the requested documents on First Amendment grounds was sufficient to enable Wal Mart to contest his claim of privilege. A privilege log would not have assisted Wal Mart in contesting the claim in that Mr. Handley's objections were not document specific but rather were based on the nature of the information sought in general.

### B. First Amendment

As this Court has recognized on two prior occasions dealing with virtually the same Subpoena, the First Amendment creates a qualified associational privilege which can, under some circumstances, protect against discovery of information or documents by the government. *See I.D.K., Inc. V. Clark County*, 836 F.2d 1185 (9th Cir. 1989); *NAACP v. Alabama*, 357 U.S. 449, 462-3 (1958); *see also Int'l Action Ctr. v. United States*, 207 F.R.D. 1, 2-4 (D.D.C. 2002). The party from whom discovery is sought has the burden to establish the associational privilege exists and must show that disclosure of the information would induce members to withdraw from the organization, or dissuade others from joining the organization , because they fear that exposure of association with the organization will lead to threats, harassment or reprisal. *Id*.

This Court has also, on two prior occasions, rejected the argument a private corporation asserting its opposition to a business competitor's entry of a "superstore" into the market based on perceived adverse business consequences arising from enhanced competition, is entitled to protection under the First Amendment's expressive association right. Accordingly, the Court has ordered that documents (which are virtually the same of those requested of Mr. Handley) requested in Wal-Mart's subpoenas, as modified by the Court, to other third party business competitors, are not protected by the First Amendment expressive association privilege.

1    Mr. Handley has not established that he is entitled to any greater protection than this
2    Court has previously afforded in its earlier rulings on this issue. The information sought here
3    relates to communications with a governing representative body relating to a proposed ordinance
4    and is not the type of "expression" protected by the First Amendment associational privilege.
5    Mr. Handley concedes that documents reflecting communications he had with Turlock City
6    officials are not entitled to protection under the First Amendment and further that the identity of
7    other CEGA members who communicated with the City on the issue of the Big Box Ordinance
8    has already been disclosed to Wal Mart in documents produced by other entities, including
9    CEGA members. Under these circumstances and given the limits the Court has already placed
10   on the scope of the Subpoena, Mr. Handley's claim of First Amendment protection is rejected.
11   Like Save Mart and Safeway, Mr. Handley has failed to show how documents concerning
12   communications or intended communications with the City regarding Wal Mart or the Big Box
13   Ordinance are of the nature protected by the associational privilege. Moreover, this Court, as a
14   policy matter, rejects the notion that the First Amendment associational privilege protects the
15   right to lobby the government in secret.

16   Accordingly, Wal Mart's motion to compel John Handley's compliance with subpoena
17   duces tecum is HEREBY GRANTED in part. Consistent with this Court's prior orders, Mr.
18   Handley is ordered to produce all documents from January 1, 2003 through the present
19   concerning intended or actual communications with the City of Turlock regarding any proposed
20   Wal-Mart Supercenter within the City of Turlock and/or a "big box" ordinance concerning the
21   City of Turlock within 20 days of this Order.

22   IT IS SO ORDERED.

23   Dated:    **September 23, 2005**            **/s/ Dennis L. Beck**
     3b142a                                     UNITED STATES MAGISTRATE JUDGE